Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
David J. McGlothlin, Esq. (SBN: 253265)
dmcglothlin@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Douglas E. Bellows<br><br>　　　　Plaintiff,<br>v.<br><br>Midland Credit Management, Inc. and Midland Funding LLC,<br><br>　　　　Defendants. | Case Number: 09 CV 1951 LAB WMc<br><br>**Class Action Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

"FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors give debtors certain information. *15 U.S.C §§1692d, 1692e, 1692f and 1692g.*

4. Douglas E. Bellows, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Midland Credit Management, Inc. (MCM) and Midland Funding LLC, (Midland Funding), (jointly, Defendants), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331, 1337, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Pomona, County of Pomona, State of California.

13. Defendant MCM and Defendant Midland Funding have a business relationship in which they are engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect those debts.

14. Defendant Midland Funding purchases debts for a few cents on the dollar and then transfers them to their collection operation, Defendant MCM, for collection. The money collected by Defendant MCM is then transferred back to Defendant Midland Funding.

15. Defendant MCM collects debts only for Defendant Midland Funding.

16. Defendants are located in the City of San Diego, the County of San Diego, and the State of California.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**PRIVACY PROTECTIONS IN THE FDCPA AND THE ROSENTHAL ACT**

22. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties ...." *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg.50097 (Dec. 13, 1988), at 50103.*

23. 15 U.S.C. § 1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> (b) Communication with third parties—Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Section 1692b deals with locating debtors who cannot be found.

24. Second, 15 U.S.C. § 1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "**[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681 a(t) or 1681b(3) of this title**" and the "**advertisement for sale of any debt to coerce payment of the debt.**" Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681 b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports. The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts .... A debt collector may not distribute a list of alleged debtors to its creditor subscribers." *FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.*

25. Section l692e provides:

> § 1692e. False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken....
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

26. Section 1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:...

   > (7) Communicating with a consumer regarding a debt by post card.
   >
   > (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

### FACTUAL ALLEGATIONS

27. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

28. At all times relevant, Defendants conducted business within the State of California.

29. Sometime before May 1, 2009, Plaintiff is alleged to have incurred certain financial obligations.

30. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

31. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

32. Sometime thereafter, but before May 1, 2009, Plaintiff allegedly fell behind in the payments owed on a debt.
33. Subsequently, but before May 1, 2009, the now allegedly defaulted debt was purchased by, assigned to, placed, or otherwise transferred to, Defendant Midland Funding for collection.
34. Subsequently, but before May 1, 2009, the now allegedly defaulted debt was purchased by, assigned to, placed, or otherwise transferred to, Defendant MCM for collection.
35. On or about May 1, 2009, Defendant MCM, as an agent and representative of Defendant Midland Funding, mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter. A true and correct copy of the front and back of this letter is attached to this Complaint as Exhibits 1 and 2.
36. Included with this May 1, 2009 letter to Plaintiff, Defendant MCM, as an agent and representative of Defendant Midland Funding, included a document and communication that Defendants called a "Privacy Notice." A true and correct copy of the front and back of this Privacy Notice is attached to this Complaint as Exhibits 3 and 4.
37. Exhibits 1 through 4 are hereinafter jointly referred to in this Complaint as the "May 1, 2009 mailing."
38. This May 1, 2009 mailing sought to collect debts allegedly incurred for personal, family or household purposes.
39. This May 1, 2009 mailing sought to collect money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.
40. This May 1, 2009 mailing to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

41. This May 1, 2009 mailing was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

42. The privacy notice included in this May 1, 2009 mailing, and referred to in paragraph 34, states as follows:

> **What Information Do We Collect?**
>
> We collect nonpublic personal information about you from the following sources:
>
> • Information we receive from you on applications or other forms.
>
> This information may include:
>
> • Your name
>
> • Address
>
> • Social security number
>
> • Telephone number
>
> • Other relevant information that you provide
>
> • Information we receive about your account transactions with us, our affiliates, or others including the original creditor. This information may include:
>
> • Account balance
>
> • Payment history
>
> • Account activity
>
> • Other customer information
>
> • Information we receive from consumer reporting agencies

(such as credit scores and history) and other information relating to your creditworthiness

43. All of the information in the May 1, 2009 mailing is integrally related to debt collection.

44. The privacy notice included in this May 1, 2009 mailing, and referred to in paragraph 34 also states as follows:

> **To Whom Do We Disclose Information?**
>
> We may disclose non public personal information about our current and former customers to the following types of third parties:
>
> • Non-financial companies, such as direct marketers or retailers of consumer products and services
>
> • Financial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance
>
> • Others, such as our affiliated debt purchasers and our parent company
>
> • The customer's spouse, if such disclosure is otherwise permitted by law
>
> We may also disclose nonpublic personal information about our current and former customers to nonaffiliated third parties as required or permitted by law.
>
> We may disclose all of the information that we collect about our current and former customers, as described to the left under 'What Information Do We Collect?', to companies that perform marketing services on our behalf or to other financial institutions with whom we have joint marketing agreements.

45. The privacy notice included in this May 1, 2009 mailing, and referred to in paragraph 34 also states as follows:

**What Information Do We Disclose?**

As permitted by law, we may disclose all information that we collect about you, as described above under 'What Information Do We Collect?'

46. Many of the uses listed in this privacy notice are prohibited by the FDCPA and the Rosenthal Act, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. § 1692c, as well as Cal. Civ. Code § 1788.17, and the statement that MCM would make such disclosures, or has the right to do so, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(5), as well as Cal. Civ. Code § 1788.17.

47. In addition, several of the listed uses in this privacy notice amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. § 1692d, as well as Cal. Civ. Code § 1788.17, and the statement that MCM will do so or has the right to do so violates 15 U.S.C. § 1692e, as well as Cal. Civ. Code § 1788.17.

48. For example, debt collectors have been known to sell lists of persons who have not paid their debts to issuers of subprime credit cards, who offer to issue a credit card if the consumer will put some or all of the unpaid debt on the credit card. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. § 1692c.

49. The privacy notice of this May 1, 2009 mailing then states that "We will not disclose your nonpublic personal information to nonaffiliated companies for purposes of jointly marketing financial products or services if you request us not to make this type of disclosure." The May 1, 2009 mailing also states that "We may disclose all of the information that we collect about our current and

former customers, as described to the left under 'What Information Do We Collect?', to companies that perform marketing services on our behalf or to other financial institutions with whom we have joint marketing agreements." This is a misstatement of the consumer's rights under 15 U.S.C. § 1692c, as well as Cal. Civ. Code § 1788.17, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

50. Finally, the inclusion of erroneous statements in the May 1, 2009 mailing claiming that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid, all in violation of the FDCPA and the Rosenthal Act.

## CLASS ALLEGATIONS

51. Plaintiffs bring this action on behalf of two classes, enumerated here as "Class One" and "Class Two."

52. Class One consists of (a) all natural persons with addresses within the United States, (b) who were sent a notice in the form represented by the May 1, 2009 mailing (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

53. Class Two consists of (a) all natural persons with addresses inside California (b) who were sent a notice in the form represented by the May 1, 2009 mailing (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

54. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 1000 members of the class.

55. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual

class members. The predominant common question is whether by the May 1, 2009 mailing violates the FDCPA.

56. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

57. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

58. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**WHEREFORE**, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

    a. An award of statutory damages related to all members of Class One, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from each and every defendant;

    b. An award of costs of litigation and reasonable attorney's fees related to litigation involving members of Class One, pursuant to 15 U.S.C. § 1692k(a)(3);

    c. An award of statutory damages related to all members of Class Two, pursuant to Cal. Civ. Code § 1788.30(b), from each and every defendant;

    d. An award of costs of litigation and reasonable attorney's fees related to litigation involving members of Class Two, pursuant to Cal. Civ. Code § 1788.30(c).

    e. Such other or further relief as the Court deems proper.

Date: 9/4/09

**Hyde & Swigart**

By: _/s/ Robert L. Hyde_
Robert L. Hyde
Attorneys for Plaintiff

## JURY TRIAL DEMANDED

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 9/4/09

**Hyde & Swigart**

By: *[signature]*
Robert L. Hyde
Attorneys for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Douglas E. Bellows

### DEFENDANTS
Midland Credit Management, Inc. and Midland Funding LLC.

**(b)** County of Residence of First Listed Plaintiff **Pomona (city) Los Angeles (county)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108
619.233.7770

Attorneys (If Known)
'09CV 1951 LAB WMC

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 09/04/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 4893 AMOUNT $350.00 APPLYING IFP _____ JUDGE _____ MAG.
MS 9/04/09

ORIGINAL

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004893
Cashier ID: msweaney
Transaction Date: 09/04/2009
Payer Name: HYDE AND SWIGART ATT AT LAW
----------------------------------
CIVIL FILING FEE
 For: BELLOWS V MIDLAND CREDT MGMT
 Case/Party: D-CAS-3-09-CV-001951-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 3364
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```