TODD F. STEVENS (SBN 137842)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
402 West Broadway, Suite 1820
San Diego, CA 92101
Telephone:   (619) 238-1661
Facsimile:   (619) 231-1897

Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. BELLOWS,<br><br>            Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC,<br><br>            Defendants. | Case No. 09 CV 1951 LAB WMC<br><br>**PETITION FOR ORDER COMPELLING ARBITRATION**<br><br>Date:   March 22, 2010<br>Time:   11:15 a.m.<br>Courtroom: 9<br><br>Judge:   The Hon. Larry A. Burns<br>Trial:    None Set |

Petitioners, Midland Credit Management Inc. and Midland Funding LLC, (collectively "Midland") allege as follows:

1. On July 22, 2003, Plaintiff was issued a HSBC Bank Nevada, N.A. credit card (with the last four digits of 5594) (the "Account"). When Plaintiff received the credit card for the Account, it was accompanied by a Cardmember Agreement (the "Agreement") containing an Arbitration Clause. Declaration of Stuart Austin, ¶2; a copy of the Agreement containing the Arbitration Clause is attached to the Declaration of Stuart Austin as Exhibit A.

2. After the issuance and use of the Account, Plaintiff did not pay the outstanding balance on the Account. The Account was then purchased by Atlantic Credit & Finance Special Finance Unit, LLC. Declaration of Brian Frary, ¶2. Thereafter in April 2009, the Account was assigned to Midland. (*Id.*)

///

3. Notwithstanding the existence of a valid arbitration clause, Plaintiff has commenced the present action.

4. Plaintiff's First Amended Complaint ("FAC") asserts a class action claim for the alleged debt collection practices of Midland which fall within the ambit of the Arbitration Clause. Specifically, Plaintiff alleges that Midland included in a "dunning letter" a "privacy notice" pursuant to the Gramm-Leach-Bliley Act ("GLBA") [15 USC §6801, *et seq.*]. Plaintiff claims that Midland's "privacy notice" violates the Fair Debt Collection Practices Act ("FDCPA") [15 U.S.C. §1692 *et seq.*] and the California Rosenthal Act [Cal.Civ. Code §1788 *et seq.*]. The operative Arbitration Clause (Exhibit A) states, in pertinent part:

> **ARBITRATION**
> You agree any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, cross-claims and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the National Arbitration Forum ("NAF"), the American Arbitration Association ("AAA") or JAMS....

5. The FAC alleges Plaintiff is "obligated or allegedly obligated to pay a debt …"(¶17) and that he is a "natural person from whom a debt collector sought to collect a consumer debt" (¶19). Further, the FAC alleges that "this case involves money, property or their equivalent due or owing or alleged to be due or owing … ( ¶21). Plaintiff goes on to allege that his "allegedly defaulted debt was purchased by, assigned to, placed or otherwise transferred to" Midland for collection. (¶¶ 33 and 34). Thus, the claims asserted in the FAC arise out of allegations regarding debt collection on the Account and are therefore subject to arbitration.

6. On October 9, 2009, attorneys for Midland sent Plaintiff's counsel a letter requesting that Plaintiff agree to voluntarily adjudicate this lawsuit by arbitration, as required under the Agreement. A copy of that letter is attached to the Declaration of Todd F. Stevens as Exhibit B.

///

1  Plaintiff's counsel responded stating that they would not agree to arbitration. A copy of Plaintiff's
2  counsel's letter is attached to the Stevens' Declaration as Exhibit C.
3      WHEREFORE, Midland prays for an order compelling arbitration of the controversy in
4  accordance with the Arbitration Agreement and for such other and further relief as the Court deems
5  proper.
6  Dated:  December 29, 2009

**KEENEY WAITE & STEVENS**
A Professional Corporation

By:    s/ Todd F. Stevens
     Todd F. Stevens
     Attorneys for Defendants MIDLAND
     CREDIT MANAGEMENT, INC. AND
     MIDLAND FUNDING LLC