TODD F. STEVENS (SBN 137842)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
402 West Broadway, Suite 1820
San Diego, CA  92101
Telephone:  (619) 238-1661
Facsimile:  (619) 231-1897

Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC.
AND MIDLAND FUNDING LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. BELLOWS,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC,<br><br>Defendants. | Case No. 09 CV 1951 LAB WMC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION COMPELLING ARBITRATION**<br><br>Date:  March 22, 2010<br>Time:  11:15 a.m.<br>Courtroom: 9<br><br>Judge:  The Hon. Larry A. Burns<br>Trial:  None Set |

Defendants MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC (collectively "Midland") respectfully submit the following reply memorandum of points and authorities in support of Midland's motion compelling arbitration:

I.

## ARGUMENT

Plaintiff's opposition takes the "kitchen sink" approach claiming that in just about every way the arbitration clause in the Cardmember Agreement is unenforceable. Midland will address each of Plaintiff's unmeritorious arguments.

/ / /

/ / /

A. **A Valid Arbitration Clause Exists**

The main thrust of Plaintiff's opposition is that no arbitration clause exists and therefore arbitration cannot be compelled.[1] As Plaintiff's counsel is well aware, every credit card account is governed by a cardmember agreement and such agreements are frequently amended after the account is opened and the card issued.

Plaintiff's argument that he never signed or agreed to be bound by the arbitration provision is easily dispatched. The Cardmember Agreement specifically states: "You and we are bound by this agreement from the date of your first transaction." (Stevens Declaration, MCM 0001.)

In regard to Midland's standing to rely on the Cardmember Agreement, as Brian Frary states in his declaration, Plaintiff's debt was acquired by Midland. Moreover, the Cardmember Agreement specifically grants HSBC the right to sell Plaintiff's account: "We may sell, assign or transfer your agreement and account or any portion thereof without notice to you." (Stevens Declaration, MCM 0005.) See also, *Tickanen v. Harris & Harris* (2006) 461 F.Supp.2d 863, 868 ["... HSBC reserved its right to assign the debt at any time, without notice"].

Plaintiff's "confusion" regarding the identity of the original creditor -- Household Bank or HSBC -- is addressed in a notice Plaintiff was sent: "HSBC Bank Nevada, N.A., formerly known as Household Bank ...". (Stevens Declaration, MCM 0010).

The plethora of evidentiary objections raised by Plaintiff in the separately filed "Plaintiff's Objections to Declarations and Exhibits Proffered in Defendants' Petition for Order to Compel Arbitration; Motion to Strike" are addressed in Midland's response to those objections filed concurrently with this reply.

///

---

[1] If the court has any difficulty reading the copy of the Cardmember Agreement that was electronically filed through the court's ECF system, defense counsel can lodge an exact specimen of the Agreement, and will bring the specimen documents to oral argument. Additionally, attached to the Stevens Declaration is another reproduction of the Cardmember Agreement separately Bates numbered for the court's convenience.

1  Midland has established by the Declaration of Stuart Austin that Plaintiff's account is
2  governed by the Cardmember Agreement. Plaintiff's shotgun attacks to the admissibility of
3  the Agreement and Midland's right to rely on the Cardmember Agreement are without merit.

**B.  The Cardholder Agreement is Not Unconscionable**

As set forth in Midland's moving papers, the Federal Arbitration Act ("FAA") governs arbitration agreements in contracts utilized in interstate commerce. 9 U.S.C. §1; *Moses H. Cone Mem'l Hosp. Mercury Constr. Corp.* (1983) 460 U.S. 1, 25, n. 32. Congress intended courts to construe commerce as broadly as possible. *Simula, Inc. v. Autoliv, Inc.* (9th Cir. 1999) 175 F. 3d 716, 719. Pursuant to the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such ground that exist at law or in equity for the revocation of any contract." 9 U.S.C. §2.

In determining whether to compel a party to arbitration, a district court may not review the merits of the dispute; rather, the court must limit its inquiry to: (1) whether a valid agreement to arbitrate exists, and, if it does (2) whether the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys, Inc.* (9th Cir. 2000) 207 F. 3d 1126, 1130. Finally, a court interpreting an arbitration agreement must give due regard to the federal policy favoring arbitration; ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration. *Mastrobuona v. Shearson Lehman Hutton, Inc.* (1995) 514 U.S. 52, 62.; *AT&T Techs., Inc. v. Comm. Workers of America* (1986) 475 U.S. 643, 650 ("in the absence of any express provision excluding a particular grievance from arbitration...only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.")

While federal policy favors arbitration, federal courts rely on state law when addressing issues of contract validity and enforceability. *Ticknow v. Choice Hotels, Int'l, Inc.* (9th Cir. 2001) 265 F. 3d 931, 936-37. Therefore contract defenses such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening Section 2 of the FAA. *Id.* at 937 (citing *Doctor's Assocs., Inc. v. Casarotto* (1966) 517 U.S. 681, 686.

///

1. **Plaintiff Has not Met His Burden to Prove Procedural Unconscionability**

On a motion to compel arbitration, the trial court does not determine whether the contract as a whole is unconscionable. The court is limited to determining whether the arbitration clause itself is unconscionable. An adhesion contract, however, is only unconscionable when both procedural and substantive unconscionability are present. *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 160. Plaintiff, as the party challenging an arbitration agreement, has the burden to prove both procedural and substantive unconscionability. *Crippen v. Central Valley R.V. Outlet, Inc.* (2004) 124 Cal. App. 4th 1159, 1165.

As Plaintiff has chosen to deny even the existence of the Cardholder Agreement, his declaration is void of any facts which this Court could use to determine whether the Cardholder Agreement is unconscionable. The analysis of unconscionability begins with an inquiry into whether the contract is one of adhesion. Assuming arguendo that the Cardmember Agreement qualifies as an adhesion contract, the unconscionability inquiry continues.

The procedural element of unconscionability focuses on two factors: oppression and surprise. *A&M Produce Co. v. FMC* Corp (1982) 135 Cal. App. 3d 473, 491. Again, since Plaintiff denies the existence of the Cardholder Agreement, he has presented no facts regarding the manner in which the Cardholder Agreement was or was not negotiated; nor has he presented any evidence regarding the "surprise" requirement. "Surprise involves the extent to which the terms of the bargain are hidden in a 'prolix printed form' drafted by a party in a superior bargaining position." *Crippen, supra,* 1124 Cal.App. 4th at 1165. While the arbitration clause is in a pre-printed form; "there is no general rule that a form contract used by a party for many transactions is procedurally unconscionable." *Id.* The arbitration clause heading is bolded as is the acknowledgement of the election to arbitrate and waiver of a trial, the latter all in capital letters. (Stevens Declaration, MCM 0007-0008.)

Midland's moving papers highlighted the equality of the terms of the arbitration clause; i.e., the consumer only pays the first $50 of the arbitration filing fee (with

4

1  Midland paying up to $1,500 of the fee), if the consumer opts for small claims court, the
2  arbitration provision will not apply; the arbitration will occur in a city nearest the consumer's
3  residence; if the arbitrator rules in favor of the consumer, Midland satisfies any additional
4  fees paid by the consumer to the arbitrator. This is <u>not</u> a one-sided arbitration agreement.

5  In support of his "procedural unconscionability" argument, Plaintiff cites to
6  *Gutirrez v. Autowest* (2003) 114 Cal.App.4th 77. In *Gutierrez* to commence arbitration, the
7  plaintiff was charged $10,000 in fees by the American Arbitration Association. Not
8  surprisingly, the *Gutirrez* court deems the clause procedurally unconscionable as it imposed
9  on the consumer a cost prohibitive fee.

10  By contrast, here the Cardmember Agreement mandates that Plaintiff pay only
11  $50 to institute arbitration proceedings and gives the consumer the right to opt out of
12  arbitration if small claims court jurisdiction is involved. An extremely modest fee cannot be
13  deemed unconscionable, and Plaintiff has not met his burden of proving the arbitration
14  clause is procedurally conscionable.

15  **2.   Plaintiff Has not Met His Burden to Prove Substantive Unconscionability**

16  Plaintiff argues that simply because the arbitration clause contains a class
17  action waiver, it is *de facto* unconscionable under California law. That is not the state of the
18  law. Moreover, it is irrelevant whether California or Nevada law applies as Nevada mirrors
19  California in its analysis of unconscionability. *Burch v. Judicial District Court* (Nev. 2002)
20  118 Nev. 438, 49 P. 3d 647, 650-651, fns. 14, 17, 18. Nevada and California law mandate
21  the invalidation of an arbitration provision only if <u>both</u> substantive and procedural
22  unconscionably are found. *D.R. Horton, Inc. v. Green* (Nev. 2004) 120 Nev. 549, 96 P. 3d
23  1159, 1162-62; *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 160.

24  Assuming California law applies, a class action waiver is only unenforceable in
25  a narrow set of circumstances involving an adhesive consumer contract. In *Discover Bank,*
26  *supra,* 36 Cal.4th at 162-163, class action waivers were found unconscionable under
27  California law if (1) "the waiver is found in a consumer contract of adhesion," (2) <u>the</u>
28  <u>contractual setting is one in which "disputes between the contracting parties predictably</u>

involve small amounts of damages," and (3) "it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money." (emphasis added). All three prongs are required for a finding that the class action waiver is unenforceable. Here, Plaintiff has presented no evidence to satisfy either the second or third prongs of the *Discover Bank* test.

Plaintiff has presented no evidence regarding the amount of damages sought. Nor is there any allegation that "the party with the superior bargaining party has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money."

In *Discover Bank*, the consumers alleged that the Bank violated the Delaware Consumer Fraud Act, which prohibits misrepresentations of "any material fact with the intent that others rely upon such concealment, suppression or omission in connection with the sale, lease or advertisement of any merchandise."

In the case at bar, Plaintiff alleges that Midland disseminated a privacy notice allegedly violative of the Gramm-Leach-Bliley Act (First Amended Complaint, ¶36). Plaintiff alleges no specific monetary loss and seeks statutory damages. Plaintiff's allegations are a far cry from the *Discover Bank* test of allegations of a deliberate scheme to cheat large numbers of consumers out of individually small amounts of money. Thus, despite Plaintiff's contrary protestations, *Discover Bank* is distinguishable and the arbitration clause in this case is <u>not</u> substantively unconscionable.

Plaintiff's reliance on *Omstead v. Dell, Inc.* (2010) 1020 U.S. App. LEXIS 2499 is also misplaced since that court found all three prongs of the *Discover Bank* test met. Since Plaintiff here did not (and cannot) allege a "deliberate practice to deprive consumers of money" the *Discover Bank* test is unmet and the arbitration clause enforceable.

In a decision issued just three months ago, Judge Dana M. Sabraw granted a petition to compel arbitration notwithstanding the presence of a class-wide arbitration waiver clause. *Smith v. Americredit* (2009) 2009 U.S. Dist. LEXIS 115767. Finding the final two prongs of the *Discover Bank* test not met, Judge Sabraw found the arbitration clause <u>not</u>

substantively unconscionable. Judge Sabraw's decision, in part, rests on the plaintiff's inability to allege that the defendant "carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money," citing *Discover Bank*.

Just as in the recent *Smith* case from this Court, Plaintiff here does not (and cannot) allege facts that meet the *Discover Bank* test. Plaintiff has failed to meet his burden of establishing that the arbitration clause is substantively unconscionable, and therefore, arbitration should be compelled.

## II.

## CONCLUSION

Midland respectfully requests this court to grant its petition to compel arbitration of this dispute.

Dated: March 15, 2010

**KEENEY WAITE & STEVENS**
A Professional Corporation

By:  s/   Todd F. Stevens
Todd F. Stevens
Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC