TODD F. STEVENS (SBN 137842)
MARY M. BEST (SBN 110220)
**KEENEY WAITE & STEVENS**
A Professional Corporation
402 West Broadway, Suite 1820
San Diego, CA 92101
Telephone:   (619) 238-1661
Facsimile:    (619) 231-1897

Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. BELLOWS,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC,<br><br>Defendants. | Case No. 09 CV 1951 LAB WMC<br><br>**DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE DECLARATION OF JOSHUA B. SWIGART AND PLAINTIFF'S EXHIBIT "C" - ORDER DISMISSING ARBITRATION PROCEEDING**<br><br>Date: March 22, 2010<br>Time: 11:15 a.m.<br>Courtroom: 9<br><br>Judge: The Hon. Larry A. Burns<br>Trial: None Set |

Defendants, Midland Credit Management, Inc. and Midland Funding LLC (collectively "Midland"), respectfully submit the following objection to and motion to strike the Declaration of Joshua B. Swigart and Plaintiff's Exhibit "C", the "Order Dismissing Arbitration Proceeding":

**A.    The Declaration and Order Dismissing Arbitration Are Irrelevant.**

The Swigart Declaration sets forth the purported facts of a JAMS arbitration proceeding conducted between James Peak and HSBC and attaches an order dismissing that arbitration proceeding (the "Order"). The Peak/HSBC Arbitration is irrelevant to the present litigation and the Swigart Declaration proffers no reason that this Court should consider the

1

Order. Because the Order is irrelevant, it is therefore inadmissible. Both the Swigart Declaration and Order should be stricken.

### B. Arbitration Awards Have No Precedential Value.

Mr. Swigart is apparently attaching the Order issued in the Peak matter to persuade this Court to treat the award as precedent and follow the ruling rendered by that arbitrator. However, as a matter of law, arbitration awards carry no precedential value since -- unless they are confirmed as judgments -- they are confidential and not suitable for citation. There is no evidence that the Order was judicially confirmed and therefore is of no precedential value.

Courts also decline to construe arbitration awards are precedent since an arbitrator need not follow the law when rendering a decision. *Cable Connection, Inc. v. Directv, Inc.* (2008) 44 Cal. 1334, 1354 [..."arbitrators, unless specifically required to act in conformity with rules of law, may base their decisions upon broad principles of justice and equity and in doing so may expressly or impliedly reject the claim that a party might successfully have asserted in a judicial action."] See also, *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 11 [..."an arbitrator is not ordinarily constrained according to the rule of law..."].

Thus, Plaintiff's reliance upon and citation to the Order is of no value, and this Court should strike the declaration of Mr. Swigart and decline to consider the Order.

Dated: March 15, 2010

**KEENEY WAITE & STEVENS**
A Professional Corporation

By: s/   Todd F. Stevens
Todd F. Stevens
Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC