1  TODD F. STEVENS (SBN 137842)
   MARY M. BEST (SBN 110220)
2  **KEENEY WAITE & STEVENS**
   A Professional Corporation
3  402 West Broadway, Suite 1820
   San Diego, CA  92101
4  Telephone:   (619) 238-1661
   Facsimile:    (619) 231-1897
5

6  Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. AND
   MIDLAND FUNDING LLC
7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10 | DOUGLAS E. BELLOWS,             | Case No. 09 CV 1951 LAB WMC
11 |      Plaintiff,                 | RESPONSE TO PLAINTIFF'S
   |                                 | OBJECTIONS TO DECLARATIONS
12 | v.                              | AND EXHIBITS RE PETITION FOR
   |                                 | ORDER COMPELLING
13 | MIDLAND CREDIT                  | ARBITRATION
   | MANAGEMENT, INC. AND            |
14 | MIDLAND FUNDING LLC,            | Date: March 22, 2010
   |                                 | Time: 11:15 a.m.
15 |      Defendants.                | Courtroom: 9
16 |                                 | Judge:  The Hon. Larry A. Burns
   |                                 | Trial:  None Set
17

18

19      Defendants, Midland Credit Management, Inc. and Midland Funding LLC

20 (collectively "Midland"), respectfully submit the following reply memorandum of points and

21 authorities in response to the documents filed by plaintiffs in opposition to Midland's

22 petition for order to compel arbitration and motion to strike.

23                              I.

24                        **INTRODUCTION**

25      Plaintiff claims that the evidence submitted by Midland -- the Cardmember

26 Agreement containing the arbitration provision -- has not been properly authenticated. This

27 is incorrect. Midland's proffered evidence and the Cardmember Agreement containing the

28 arbitration provision is properly authenticated and therefore admissible.

                                    1

## II.

## ARGUMENT

### A. The Stuart Austin Declaration Is Admissible.

Plaintiff contends that the declaration of Stuart Austin ("Austin Declaration") is inadmissible claiming he lacks personal knowledge of the facts contained in the affidavit, citing, Fed. Rule of Evid. 602.[1] Plaintiff argues that the Austin Declaration lacks "personal knowledge" of the facts in the affidavit. (Opposition, p.2).

However, Plaintiff's opposition ignores the long established "business records" exception to the hearsay rule that permits the admission of records kept by a business in the "course of a regularly conducted business activity."

Rule 803 states:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (6) Records of regularly conducted activity. A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the regular practice of that business activity to make the memorandum, report, record or data compilation all as shown by the testimony or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12) or statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation and calling of every kind whether or not conducted for profit.

Rule 902(11) states:

> Certified domestic records of regularly conducted activity. The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority certifying that the record;
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

---

[1] All future statutory references are to the Federal Rules of Evidence.

(B) was kept in the course of the regularly conducted activity; and

(C) was made by the regularly conducted activity as a regular practice.

The Austin Declaration complies with Rules 803(6) and Rule 902(11) as it states:

> ... I am the AVP, Bad Debt Sales Manager for HSBC Nevada, N.A. (hereinafter "HSBC"). I make this declaration from my own personal knowledge of the matters set forth herein, or the facts set forth herein are based upon my review of the business records of HSBC, which records were made by, or from information transmitted by, a person with knowledge of the event described therein at or near the time of the event described, and are kept in the ordinary course of the regularly conducted business activity of such person and HSBC, and it is the regular practice of that business activity to make such records.

In short, the Austin Declaration complies, in all respects, with Rules 803(6) and 902(11). Accordingly, Plaintiff's claim that the Austin Declaration is based on "hearsay and inadmissible" is misplaced.

The fallacy of Plaintiff's argument is underscored by his reliance on *Bliesner v. The Communication Workers of America* (2006) 464 F.3d 910 and *Norita v. Commonwealth of the Northern Mariana Island* (2003) 331 F.3d 690. Both of those decisions are readily distinguishable.

In *Bliesner*, Plaintiff claimed in an affidavit that she could be "trained in a week" for certain job skills. That fact was contradicted by plaintiff's earlier admissions and was made without any foundation. Thus, the *Bliesner* court properly struck that portion of the plaintiff's affidavit.

Similarly, in *Norita*, the plaintiffs' declarations were stricken when they claimed that other employees of the defendant/employer had compensation illegally deducted from their paychecks. The court properly found this evidence violative of Rule 56(e) since the affiant lacked personal knowledge and the information did not fall within the business records exception.

These two decisions -- relied upon Plaintiff herein -- vividly underscore the weakness of Plaintiff's contention that the Austin Declaration is inadmissible.

3
RESPONSE TO PLAINTIFF'S OBJECTIONS TO DECLARATIONS AND EXHIBITS
09CV 1951 LAB WMc

In *Tickanen v. Harris & Harris Ltd.* (2006) 461 F. Supp.2d 863 arguments similar to those posited by Plaintiff here were easily dispatched. In *Tickanen*, the plaintiffs claimed a bank representative lacked the personal knowledge to authenticate a cardmember agreement containing an arbitration provision. In rejecting plaintiff's argument, the *Tickanen* court held:

> Plaintiffs allege Harris cannot prove plaintiffs accepted this agreement because the affidavit of Nancy Jasinski is inadmissible hearsay ... Plaintiffs contend Jasinski lacks personal knowledge.
>
> ... [¶] However, personal knowledge of a company's policies can be established by virtue of a person's position within that company. ... [¶] In regard to this type of evidence, Rule 902(11) requires that evidence of regularly conducted activity must be offered by a qualified person, which includes any person making the record or custodian of the record who must certify that the record:
>
> (1) was made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (2) was kept in the course of the regularly conducted activity; and
>
> (3) was made by the regularly conducted activity as a regular practice.

*Id* at 868.

In the present case, the Austin Declaration satisfies Rule 902(11) and, as in *Tickanen*, is admissible. Thus, Plaintiff's request that the Austin Declaration be stricken should be denied and the objections overruled.

**B.     Exhibit A to the Stuart Austin Declaration is Admissible.**

In the rehash of his argument that the Austin Declaration should be stricken, Plaintiff claims that Exhibit A (the "Cardmember Agreement") is "inadmissible and cannot be considered by the court."

The Austin Declaration, under Rules 803(6) and 902(11) properly lays a foundation for the Cardmember Agreement and legally authenticates the document.

Surprisingly, Plaintiff cites to a completely irrelevant decision, *Midland Funding LLC v. Brent* (2009) 644 F.Supp.2d 691 for the proposition that Midland "has a history of filing

4

1  affidavits and averring to information on personal knowledge when no such personal
2  knowledge exists." (Opposition, p.4).  The issues raised in the *Midland Funding* decision
3  deal with the accuracy of statements made by a Midland employee.

4      By contrast, in the present case, the issue is whether the credit issuer, HSBC's
5  employee has complied with Rules 803(6) and 902(11) in authenticating the Cardmember
6  Agreement.  Here, Plaintiff seems to be employing rather sharp litigation tactics to inject
7  irrelevant and misleading arguments into the present case.  The court should disregard this
8  ploy.

9      Similarly, Plaintiff's longwinded argument that because various portions of Exhibit A
10 are dated after the Cardmember Agreement was issued on July 22, 2003, should be similarly
11 disregarded.  As the Austin Declaration states, Exhibit A comprises the Cardmember
12 Agreement supplied to the Plaintiff and it is clear that the Agreement was amended from
13 time to time as is permissible under the documents. [Page one of the first paragraph of the
14 Cardmember Agreement states "this Cardmember Agreement … and any amendments to
15 them … governs … Your Account."]

16     Moreover, Plaintiff's citation to various dates on different documents provided after
17 the Cardmember Agreement was issued is irrelevant since the only matter before this court is
18 the arbitration provision in the Cardmember Agreement.

19 **C.   The Declaration of Brian Frary is Admissible.**

20     Again, Plaintiff contends that the Declaration of Brian Frary ("Frary Declaration") is
21 violative of Rule 602.  However, in compliance with Rules 803(6) and 902(11), the Frary
22 Declaration sets forth the basis of the business records exception, the foundation for the
23 origin of Plaintiff's debt and that Midland owns the debt.

24     Accordingly, Plaintiff's objection to the Frary Declaration should be overruled.
25 ///
26 ///
27 ///
28 ///

## III.

## CONCLUSION

Midland respectfully requests this court to (a) overrule Plaintiff's objections (b) deny Plaintiff's motion to strike and (c) grant Midland's petition to compel arbitration of this dispute.

Dated: March 15, 2010

**KEENEY WAITE & STEVENS**
A Professional Corporation

By: s/ Todd F. Stevens
Todd F. Stevens
Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING LLC